IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| KESEY, LLC, an Oregon Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Case No. 06-540-AC |
| vs. | ) ) | ORDER |
| MICHELE FRANCIS aka MISCHELLE McMINDES, an individual; MIKE HAGEN, an individual; KATHERINE WILSON, an individual; SUNDOWN & FLETCHER, INC.; an Oregon corporation; ASSOCIATES FILM PRODUCERS SERVICES, an Oregon partnership or other business entity; and DOES 1 through 100, inclusive, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

David Aronoff
Lathrop & Gage LLP
1888 Century Park East, Suite 1000
Los Angeles, California  90067

Page 1 - ORDER

Ernest J. Simmons
621 SW Morrison, Suite 1300
Portland, Oregon  97205

      Attorneys for Plaintiff

Steven H. Corey
Corey, Byler, Rew, Lorenzen and Hojem
222 S.E. Dorian Drive
Pendleton, Oregon  97801-0218

Michael B. Kratville
Suite 145
11920 Burt Street
Omaha, Nebraska  68154

Todd Frazier
Suite 102
10110 Nicholas Street
Omaha, Nebraska  68114

Judson M. Carusone
Bromley Newton LLP
627 Country Club Road, Suite 200
Eugene, Oregon  97401

      Attorneys for Defendants


KING, Judge:

The Honorable John V. Acosta, United States Magistrate Judge, filed an Opinion and

Order on April 3, 2009.  Defendants filed timely objections to the Opinion and Order.

When either party objects to any portion of a magistrate's order concerning a

nondispositive matter, the district court will modify or set aside any part of the order that is

clearly erroneous or is contrary to law.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); McDonnell

Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981),

Page 2 - ORDER

cert. denied, 455 U.S. 920 (1982). This court, therefore, has reviewed the rulings of Magistrate

Judge Acosta under a clearly erroneous or contrary to law standard.

I have carefully reviewed Judge Acosta's thorough Opinion and Order, defendants'

objections, and plaintiff's response to the objections, but will only comment on a few of the

objections.

Defendants argue that the court improperly excluded some of their deposition excerpts on

the basis of a lack of authentication. I agree with plaintiff that Judge Acosta followed Judge

Stewart's lead in Tefera v. City Center Parking, CV No. 07-1413-ST, 2009 WL 439706 (D. Or.

Feb. 20, 2009), by admitting the deposition excerpts which were sufficiently identified on each

page that they could be "matched up" with excerpts submitted by plaintiff with proper

authentication. The deposition excerpts which Judge Acosta excluded are totally unidentified on

the individual pages. There is no deponent's name, no date, no court reporting firm, nothing to

assist the court in trying to puzzle out who was deposed. Judge Acosta's ruling excluding these

excerpts is correct.

I also deny defendant's motion for leave to file authenticated evidence. Plaintiff objected

to the format of defendants' evidence on July 14, 2008, but defendants just filed their motion for

leave on April 13, 2009. Defendants give no explanation for the extreme delay in trying to cure

the deficiencies in their evidentiary record. Defendants did not confer with plaintiff before filing

the motion, as required by Local Rule 7.1(a). Most importantly, by filing the entire deposition

transcripts, rather than excerpting the relevant pages, defendants failed to comply with Local

Rule 56.1(c)(3). This failure on defendants' part would force Judge Acosta to have to separate

the relevant information from the extraneous. "[J]udges need not paw over the files without

assistance from the parties."). <u>Orr v. Bank of Am., NT & SA</u>, 285 F.3d 764, 775 (9th Cir. 2002) (internal quotation omitted).

Defendants contend that Judge Acosta erred in striking Francis's statement in her declaration that Susan Torrey added the copyright designation to the brochure. Francis based her statement on seeing an earlier proof of the brochure without the designation, seeing the final proof of the brochure with the designation, and knowing that Torrey designed the brochure. Judge Acosta reasoned that the "mere fact that the first proof did not include the copyright designation does not support Francis's conclusory statement that Susan Torrey added the copyright designation to the second proof. In the absence of other evidence that Francis had personal knowledge of Susan Torrey's conduct, this statement lacks the requisite foundation." Opinion and Order at 42. Defendants argue there is a reasonable inference that the designer added the designation.

Judge Acosta's ruling is not clearly erroneous because Francis is making the statement based on assumptions and reasoning rather than on her personal knowledge. I point out to defendants, however, that even though this statement is struck from Francis's declaration, defendants can still make the argument based on a reasonable inference if the two proofs are in evidence. There is no need to base the argument on Francis's speculation.


///


///


Page 4 - ORDER

This court ADOPTS the Opinion and Order of Magistrate Judge Acosta dated April 3, 2009 in its entirety.  Defendants' Motion for Leave to File Authenticated Evidence (#96) is denied.

IT IS SO ORDERED.

Dated this _____5th_____ day of May, 2009.

_____/s/ Garr M. King_____
Garr M. King
United States District Judge